UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GARY HEMPHILL                                                                                        PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:13CV201-HSO-RHW

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY et al                                           DEFENDANTS

### ORDER GRANTING MOTION TO COMPEL

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's (State Farm) motion to compel. Doc. [61]. At issue is an agreement between Rodney Taylor and Plaintiff Gary Hemphill executed on July 17, 2013. Taylor is not a party to this lawsuit.

On February 1, 2009, Hemphill drove a vehicle insured by State Farm that collided with a vehicle driven by Taylor. As a result of the accident, Taylor suffered severe injuries. On August 10, 2009, Taylor filed suit against Hemphill in Forrest County Circuit Court. In that lawsuit, attorneys William H. Jones and Michael V. Ratliff represented Taylor. The case proceeded to trial and on August 16, 2011, a jury returned a verdict in favor of Taylor in the amount of $2.86 million. On July 17, 2013, Hemphill and Taylor entered into the agreement that is the subject of Defendant's motion to compel. Attorneys Jones and Ratliff, now representing Hemphill, filed the instant lawsuit on September 23, 2013, against Defendant State Farm alleging among other things that State Farm was grossly negligent in handling Taylor's claim against Hemphill's insurance policy and that State Farm handled the claim in bad faith.

State Farm argues that the July 17, 2013, agreement should be produced because the terms of the agreement go to potential bias or prejudice on the part of Taylor and his wife, who are witnesses in Hemphill's lawsuit. Plaintiff counters that the document is not relevant to any of the claims or defenses in the lawsuit and argues that the document is protected from disclosure

by attorney-client privilege and the work-product doctrine. From the pleadings and deposition excerpts, it is clear that State Farm is privy to the fact that an agreement was reached between Taylor and Hemphill and that the agreement contemplates a portion of any proceeds from the instant lawsuit going to Taylor. The Court has reviewed the July 17, 2013, agreement *in camera* and finds that it should be produced.

The information contained within the document is relevant and therefore discoverable. "Under the federal discovery rules, any party to a civil action is entitled to all information that is relevant to the subject matter of the action before the court unless such information is privileged." *Wehling v. Columbia Broadcast Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979). Relevance for purposes of discovery is broader than relevance for purposes of admissibility at trial. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *Piacenti v. Gen'l Motors Corp.*, 173 F.R.D. 221, 223-24 (N.D. Ill. 1979).

State Farm argues that the content of the document in dispute goes to the potential bias or prejudice of Rodney and Heather Taylor as witnesses. The rules of discovery are broad enough to encompass evidence that relates to witness credibility or bias. *See Belher v. Hanlon*, 199 F.R.D. 553, 561 (D.Md. 2001); *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988). State Farm has identified a document that relates specifically to the potential bias of the Taylors as witnesses; therefore, the document is relevant and discoverable unless protected by some privilege. *See United States v. Abel*, 469 U.S. 45, 52 (1984)("[p]roof of bias is almost always relevant").

Plaintiff argues that the document is protected from discovery by the attorney-client privilege and work-product doctrine. As a general rule, communications between an attorney and

his or her client are privileged and protected from disclosure. *See Dunn v. State Farm Fire & Casualty Co.*, 122 F.R.D. 507, 509-10 (N.D. Miss. 1988); *Hewes v. Langston*, 853 So. 2d 1237, 1244 (Miss. 2003). Likewise, the work-product doctrine protects an attorney's client file from disclosure. *See Dunn*, 122 F.R.D. at 510; *Hewes*, 853 So. 2d at 1245.

The Court concludes that the document in question does not constitute an attorney-client communication. At the time of the executed agreement, it was nothing more than a post-judgment communication/agreement between two adverse parties to a state court lawsuit. The agreement is between Taylor and Hemphill. They are the only two signatories of the document. Therefore it is a communication between two non-lawyers and does not fall under the attorney-client privilege. By the same token, the agreement does not fit within the category of attorney work-product. It is a contractual arrangement, in effect a settlement, between Taylor and Hemphill regarding the process for satisfying Taylor's $2.86 million judgment against Hemphill. To the extent that the agreement should be characterized as a settlement, it would be subject to disclosure pursuant to the exception of Fed. R. Evid. 408(b). Based on the foregoing, the Court finds that the document should be produced subject to a protective order.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [61] Motion to Compel is GRANTED, and that Plaintiff shall serve Defendant with a copy of the July 17, 2013, agreement on or before **September 2, 2014**. Plaintiff shall produce the document subject to the agreed protective order already entered with the Court.

SO ORDERED, this the 18th day of August, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE